UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

Civil Action No. _____

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

CHEVRON U.S.A. INC.,

        Defendant.

## COMPLAINT

Plaintiff United States of America ("United States"), by the authority of the Attorney General and acting at the request of the Administrator of the United States Environmental Protection Agency ("EPA"), files this Complaint and alleges:

### NATURE OF THE ACTION

1. This is a civil action against Chevron U.S.A. Inc. ("Chevron" or "Defendant") brought under Sections 205(b) and 211(d) of the Clean Air Act ("Act"), 42 U.S.C. §§ 7524(b) and 7545(d), for violations of the regulations prescribed under Section 211(o) of the Act, 42 U.S.C. §§ 7545(o), and promulgated at 40 C.F.R. Part 80.

2. By this Complaint, the United States seeks a civil penalty pursuant to Sections 205(b) and 211(d) of the Act, 42 U.S.C. §§ 7524(b) and 7545(d).

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action and the parties under Sections 205(b) and 211(d) of the Act, 42 U.S.C. §§ 7524(b) and 7545(d), and 28 U.S.C. §§ 1331, 1345, and 1355.

4. Under Section 211(d)(1) of the Act, 42 U.S.C. § 7545(d)(1), this Court is authorized to assess civil penalties for violations of Section 211(o) of the Act, 42 U.S.C. § 7545(o), and 40 C.F.R. Part 80.

5. Under Section 211(d)(2) of the Act, 42 U.S.C. § 7545(d)(2), this Court is authorized to restrain violations and impose injunctive relief for violations of Section 211(o) of the Act, 42 U.S.C. § 7545(o), and 40 C.F.R. Part 80.

6. Venue in this district is proper under Section 205 of the Act, 42 U.S.C. § 7524, and 28 U.S.C. §§ 1391(b) and (c) and 1395(a), because Defendant has its principal place of business in this judicial district.

## AUTHORITY

7. Authority to bring this action on behalf of the United States is vested in the United States Department of Justice pursuant to Section 305 of the Act, 42 U.S.C. § 7605, and 28 U.S.C. § 516.

## THE PARTIES

8. The United States of America, as the plaintiff in this action, is acting on behalf of the Administrator of EPA.

9. Defendant, a corporation organized under the laws of California, with its headquarters located at 1400 Smith Street, 6th Floor, Houston, TX 77002, is a manufacturer of petroleum-based and renewable-based transportation fuels whose activities include the

generation and sale of renewable fuel credits known as renewable identification numbers or "RINs."

## CLEAN AIR ACT STATUTORY AND REGULATORY AUTHORITY

10. Section 211 of the Act contains the renewable fuels requirements and provisions to ensure that only compliant fuel is produced and sold in the United States.

11. The Energy Policy Act of 2005 amended the Act to include a renewable fuel program that required the EPA to promulgate regulations that would ensure that gasoline sold or introduced into commerce in the continental United States, on an annual average basis, contained the applicable volume of renewable fuel designated in the Energy Policy Act of 2005. *See* Energy Policy Act of 2005, Pub. L. No. 109-58, 119 Stat. 594 (codified at Section 211(o) of the Act, 42 U.S.C. § 7545(o)). The Energy Policy Act of 2005 also required the EPA to establish a credit trading program to help effectuate the renewable fuel volume mandates. *See* 42 U.S.C. § 7545(o)(5).

12. The EPA implemented Section 211(o) of the Act by promulgating the Renewable Fuel Standard program at 40 C.F.R. Part 80, Subpart K (renewable fuel regulations now known as "RFS1").

13. Congress then enacted the Energy Independence and Security Act of 2007 ("EISA"), which amended Section 211(o) of the Act to expand the renewable fuel program to (a) reduce greenhouse gas ("GHG") emissions; (b) move the United States toward greater energy independence and security, including reducing the nation's dependence on foreign oil; (c) encourage the blending of renewable fuels into our nation's motor vehicle supply; (d) grow the nation's renewable fuel industry; and (e) protect consumers. *See* Energy Independence and Security Act of 2007, Pub. L. No. 110-140, 121 Stat. 1492.

3

14. EISA also required the EPA to amend the RFS1 regulations to establish volume mandates for four separate categories of renewable fuels (cellulosic biofuel, biomass-based diesel, advanced biofuel, and a total for all renewable fuels) that each have specific lifecycle GHG emission thresholds in comparison to the petroleum-based fuels they displace. *See* 42 U.S.C. §§ 7545(o)(1)(E) (relating to cellulosic biofuel), 7545(o)(1)(D) (relating to biomass-based diesel), 7545(o)(1)(B)(i) (relating to advanced biofuel), 7545(o)(1)(A)(i) (relating to renewable fuel). EISA also expanded the RFS1 program by allowing credits to be generated for renewable fuels produced for use in, among other things, non-road fuel.

15. To implement EISA, the EPA promulgated new renewable fuel standard regulations that became effective on July 1, 2010 (known as "RFS2"). *See* 40 C.F.R. Part 80, Subpart M and 75 Fed. Reg. 14670 (March 26, 2010). The RFS2 regulations apply to all renewable volume regulations and compliance periods on and after January 1, 2010. *See* 40 C.F.R. § 80.1400.

16. The EPA, pursuant to its authority under Section 211(o) of the Act, 42 U.S.C. § 7545(o), establishes for each category of renewable fuel an annual renewable volume obligation (each, an "RVO" and, collectively, "RVOs") standard based on the volume requirements provided in the Act and projections of non-renewable fuel, gasoline and diesel, production in the upcoming year. The EPA converts the volume standards into compliance percentages that obligated parties (i.e., refiners and importers of non-renewable fuel) apply to their annual production volume, including imported volume, of non-renewable fuel to determine their respective annual RVOs. Renewable fuel exporters are also required to meet an RVO based on the volume of renewable fuel that the exporter exports out of the contiguous United States. *See* 40 C.F.R. §§ 80.1405, 80.1406, 80.1430.

17. Under the RFS2 program, "renewable fuel" is a fuel that is (a) produced from renewable biomass or from a biointermediate produced from renewable biomass; (b) used to replace or reduce the quantity of petroleum-based fuel present in transportation fuel, heating oil, or jet fuel; and (c) has lifecycle greenhouse gas emissions that are at least 20 percent less than baseline lifecycle greenhouse gas emissions, subject to certain exceptions. *See* 42 U.S.C. § 7545(o)(1)(J), 40 C.F.R. § 80.2 (defining "renewable fuel").

18. Renewable fuel produced in or imported into the United States is tracked by Renewable Identification Number (each a "RIN" and collectively "RINs") that are generated by renewable fuel producers and importers. The RFS2 regulations define a RIN as "a unique number generated to represent a volume of renewable fuel pursuant to [40] C.F.R. §§ 80.1425 and 80.1426." *See* 40 C.F.R. § 80.2 (definition of "Renewable Identification Number"; *see also* 40 C.F.R. § 80.1425.

19. Under the RFS2 regulations, a RIN represents the equivalent of one gallon of ethanol that has been denatured to render it unfit for human consumption, usually with gasoline, ("denatured fuel ethanol"). The RFS2 regulations designate each category of renewable fuel by a separate D code. To reflect the difference in energy content between the categories of renewable fuels, each renewable fuel is assigned an ethanol-equivalence value that is used in RIN generation. *See* 40 C.F.R. §§ 80.1425(g); *see also* 40 C.F.R. § 80.1426(f), Table 1, and 80.1415.

20. The RFS2 regulations state that RINs may only be generated on a discrete volume of renewable fuel once and that it is a violation to generate duplicate RINs generated on a volume of renewable fuel. 40 C.F.R. § 80.1460(b)(6).

21. A RIN that generated improperly is invalid. *See* 40 C.F.R. § 80.1431(a)(1)(ix).

22. The RFS2 regulations prohibit a person from creating or transferring an invalid RIN. *See* 40 C.F.R. § 80.1460(b)(2).

## **GENERAL ALLEGATIONS**

23. Chevron is a "person" within the meaning of Section 302(e) of the Act, 42 U.S.C. § 7602(e).

24. Chevron owns and operates a "facility" in El Segundo, CA, where it produces renewable fuel under the RFS2 program. 40 C.F.R. § 80.2.

25. At all relevant times, Chevron was a "RIN generator" within the meaning of 40 C.F.R. § 80.2.

26. At all times relevant to this Complaint, Chevron produced non-ester renewable diesel at its facility in El Segundo, CA, by coprocessing soybean oil with petroleum-based feedstocks through hydrotreating using conventional refinery equipment, as permitted under Row H of Table 1 in 40 C.F.R. § 80.1426.

27. From January 2022 through April 2023, Chevron purchased renewable diesel for which RINs had been previously generated to blend with renewable diesel it had produced.

28. Chevron received the purchased renewable diesel at the El Segundo terminal from a marine vessel and then transferred the purchased renewable diesel through a pipeline to a storage tank containing finished renewable diesel.

29. The purchased renewable diesel remaining in the pipeline was flushed to a separate gasoil storage tank, which subsequently feeds the hydrotreater for processing.

30. Chevron co-processed approximately 5,423,573 gallons of purchased renewable diesel that had been stored in the gasoil tank with renewable feedstocks to produce renewable diesel.

31. Chevron generated 9,220,075 D5 RINs for the 5,423,573 gallons of purchased renewable diesel that had been co-processed with renewable feedstocks.

32. Chevron transferred 2,220,075 D5 RINs to third parties.

33. Chevron retained possession of 6,991,170 D5 RINs.

34. In November of 2023, Chevron retired 2,228,905 valid D5 RINs as a remedial action to replace the invalid RINs it generated and transferred to third parties.

35. In January 2024, Chevron retired the 6,991,170 invalid D5 RINs it generated and retained in its inventory.

## CLAIM FOR RELIEF

36. The foregoing paragraphs are re-alleged and incorporated herein by reference.

37. Between January 2022 and April 2023, Chevron improperly generated 9,220,075 D5 RINs because RINs had previously been generated on the purchased renewable diesel.

38. Improperly generated RINs are invalid under 40 C.F.R. § 80.1431(a)(1)(ix).

39. Chevron sold and transferred the 2,228,905 invalid D5 RINs to third party customers.

40. Chevron violated 40 C.F.R. § 80.1460(b)(2) each time it created or transferred an invalid RIN.

41. Chevron violated 40 C.F.R. § 80.1460(b)(6) each time it generated a RIN for renewable fuel for which RINs had previously been generated.

42.  As provided in Section 211(d)(1) of the Act, 42 U.S.C. § 7545(d)(1), and 40 C.F.R. § 19.4, the violations set forth above subject Chevron to civil penalties of up to $59,114 per day for each violation, plus the amount of any economic benefit or savings resulting from the violation.

## PRAYER FOR RELIEF

WHEREFORE, based on the allegations contained in the foregoing paragraphs, Plaintiff respectfully requests that this Court:

A.  Impose a civil penalty on Defendant pursuant to Sections 205(b) and 211(d) of the Act, 42 U.S.C. §§ 7524(b) and 7545(d), for each day of the violation alleged herein of Section 211(o), 42 U.S.C. § 7545(o), and the regulations promulgated thereunder; and subject to the corresponding statutory inflation adjustments at 42 C.F.R. § 19.4, plus the amount of any economic benefit or savings resulting from the violation;

B.  Enter an order requiring the Defendant to retire 9,220,075 valid D5 RINs to offset the harm caused by the violations; and

C.  Grant such other relief as the Court deems just and proper.

Respectfully submitted,

FOR THE UNITED STATES OF AMERICA

ADAM R.F. GUSTAFSON
Principal Deputy Attorney General
Environment and Natural Resources Division
United States Department of Justice

/s/*James D. Freeman*
JAMES D. FREEMAN CO Bar No. 33565
Attorney-in-Charge
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
999 18th Street; North Terrace, Suite 600
Denver, Colorado 80202
Telephone: (303) 204-3462
Facsimile: (303) 844-1350
James.Freeman2@usdoj.gov


JOHN G.E. MARCK
United States Attorney

By: */s/ Lisa Luz Parker*
Lisa Luz Parker
Assistant United States Attorney
Texas Bar No. 24099248
Southern District No. 3495931
1000 Louisiana, Suite 2300
Houston, Texas 77002
Tel: (713) 567-9489
Fax: (713) 718-3303
E-mail: lisa.luz.parker@usdoj.gov